## PATTEN'S PETITION.

In proceedings for the laying out of a highway in a town, a petition in writing should in the first instance be presented to the selectmen, stating the desire of the petitioners with sufficient precision to enable the selectmen to act in the premises and make a record of their proceedings. If the selectmen refuse to act, a petition to the Common Pleas may be presented forthwith. If no express refusal is made, a reasonable time for

them to act in the premises must elapse before such petition can be presented.

The jurisdiction of the court to lay out or alter, depends upon the fact that the selectmen have refused or neglected; that fact should therefore be stated in the petition ; but if not so stated the petition may be amended on leave.

An objection to the jurisdiction of the court because the selectmen have not refused or neglected comes properly in the first instance, and reasons may exist why the court should refuse to hear it at an advanced stage of the proceedings ; but the court may hear it at any stage, and if well founded the petition should be dismissed.

Having once examined the question of jurisdiction, on an objection by the town that the selectmen have not refused, and found the fact of refusal or neglect, the court are not bound to entertain the question again, whether the decision is of record or not. ·

Land-owners when they become parties, appear to protect their interests in the assessment of damages, though they may be heard on the question of jurisdiction if it has not been already settled.

The appellate jurisdiction extends no farther than the prayer of the original petition, and proceedings of the commissioners beyond that are to be rejected. Whether the whole report should for that reason be rejected depends upon the connection of the facts in the case.

Where the commissioners exceed their authority in a certain portion of their proceedings, that portion alone, if separable from the rest, may be rejected.

The petition to the court may be amended to correspond with the original petition.

Where the question of definiteness of termini has been adjudicated upon as a matter of fact by the court below, no question arises proper for the consideration of this court.

An objection that no damages were awarded to one of the land-owners is valid, but generally such an objection lays the foundation of a re-commitment of the report.

An objection to the conduct of a petitioner and one of the commissioners in viewing together a part of the proposed way before the meeting of the commissioners, is addressed to the discretion of the court below, and this court will not revise the exercise of such discretion in that respect.

PETITION for a highway, filed January term 1843. The town of Raymond appeared and objected that the court had no jurisdiction, because the selectmen had never refused to lay out said highway.

The court were of opinion that the objection was not well founded, but upon motion granted the petitioners leave to amend by inserting " that the selectmen of said Raymond had refused to lay out said highway upon petition for that purpose." This amendment did not appear upon the original petition, but only upon a copy thereof returned by the officer.

The town then objected that the petition contained no definite *termini* of the highway prayed for; but the court overruled the objection, and the petition was referred to the road commissioners, who reported August term 1843 ; when objections to the acceptance of the report were filed, and the matter was continued to the following February term.

The counsel for the respondents then proposed to show that no application had ever been made to the selectmen to lay out the highway, until the day before the order of notice was served on them, and that they never refused to lay it out. The court declined to hear the evidence, regarding the question as having been considered and decided before the reference to the road commissioners.

The respondents insisted, that as the record showed no such adjudication, the question was still open, at least to the land-owners who were not parties in the case until after the petition was referred.

The respondents further objected to the jurisdiction of the court, that the petition as claimed to be amended does not state that any application had been made to said selectmen to widen and straighten the existing highway, as set forth in the petition of the court.

They also objected that the commissioners exceeded their authority in directing the manner in which the road should be graded ; that no damages were awarded to certain of the land-owners; and that the conduct of the principal petitioner and chairman of the road commissioners, in going over and examining a part of the route

of the road together before the hearing, was improper and calculated to produce an undue influence upon the mind of the commissioner.

The court ordered the report to be accepted, except the direction of the commissioners as to grading.

Judgment is to be rendered on the report, or it is to be set aside or recommitted, as this court may order.

*Tuck*, and *Bell*, for the petitioners.

*French*, for the town and land-owners.

PARKER, C. J. The selectmen of the several towns are empowered to lay out and widen and straighten highways within their respective towns.

The jurisdiction of the Common Pleas to act in either case depends upon the neglect or refusal of the selectmen. A petition in writing therefore should in the first instance be presented to the selectmen. And this should state what the petitioners desire with sufficient precision to enable the selectmen to act in the premises and to make a record of their proceedings. If the selectmen refuse to act, a petition may forthwith upon such refusal be presented to the Common Pleas; but if there is no express refusal, a reasonable time in which they might have laid out the new highway or widened and straightened the existing highway or both as the case may be, must elapse before any petition can be presented to the court of common pleas asking their interference.

The petition to the court when presented, should set forth the fact of the petition to the selectmen, and the neglect or refusal; but if this is not stated in the first instance, the petition may be amended on leave of the court. The jurisdiction to lay out or alter depends upon the existence of the fact that the selectmen have refused or neglected; but they may receive a defective petition and give leave to amend it.

Patten's Petition.

An objection to the jurisdiction comes properly in the first instance, and perhaps the court may refuse to inquire into the matter at an advanced stage of the proceedings, upon the ground that the parties by appearing, making no objection to the jurisdiction, and proceeding to contest the case upon its merits, have admitted all facts necessary to show the jurisdiction; but the court may receive evidence of the want of jurisdiction at any stage, and if that is made to appear, the petition should be dismissed.

Having once entertained and examined the question of jurisdiction, on an objection by the town that the selectmen have not refused or neglected, and having found the fact of the refusal or neglect, the court are in no wise bound to permit it to be drawn in question again, whether the decision has been entered upon the record or not. The land-owners when they become parties to the proceeding, appear for the protection of their several interests in the assessment of damages, although they may be heard on the question of jurisdiction if it has not already been settled.

These are the principles applicable to the first six exceptions in this case.

Applying these principles to the facts, we find that the petition was defective when presented, there being no allegation that the selectmen had neglected or refused. Upon an objection on this point, the court proceeded to inquire, and it seems found that there had been an express refusal of the selectmen. The time between the application to the selectmen and the presentment of the petition in the clerk's office was too short to show a jurisdiction upon the substantive ground of neglect, without an express refusal. This fact having been once found, the court were right in not permitting it afterward to be again drawn in question, notwithstanding no entry of that finding was entered on the minutes. There is often an omission to enter interlocutory rulings and decisions upon

questions which are raised by oral motions and heard without any issue having been framed for the purpose.

The amendment was rightly admitted, but affixed to the wrong paper. That error however may be corrected. But that amendment avers only that the selectmen had been petitioned to lay out a new highway. If the petition to the selectmen extended no farther than that, the appellate jurisdiction did not extend to the widening and straightening of any existing highway, and if the road commissioners have done more than to lay out a new highway, that part of the report widening and straightening the highway ought, at least as the petition now stands, to be rejected. Whether the whole report ought to be rejected for that reason, must in such case depend upon the question whether the new highway laid out may be sufficiently useful without the other, and also upon all the other circumstances connected with the case, and addressing themselves to the discretion of the court, upon the question whether the court should reject the report entirely or accept it in part. But if the application to the selectmen was in fact to widen and straighten as well as to lay out a highway, the petition to the court may be further amended so as to show the fact.

The exception that the commissioners exceeded their authority in directing the road to be graded in a certain manner, can not prevail for the reason already indicated. Where the parts of the report are separable, the court may accept in part only, and this part was rejected, so that the town can not be prejudiced by it.

Upon the face of the petition itself, one of the *termini* is certainly not very definitely described. But this may depend somewhat upon extrinsic circumstances, and having been adjudicated upon as a matter of fact, no question proper for our consideration arises upon it.

The objection that no damages were awarded to Levi S. Brown, one of the land-owners, is well taken. His

land may be of small value, but he is entitled to have his damages assessed, and the land can not be taken until this is done. Rev. Stat., chap. 51, sec. 7; Rev. Stat., chap. 49, sec. 13.

An objection of this character ordinarily lays the foundation only of a recommitment of the report for the purpose of assessing the damages. But the court may for this reason connected with others refuse to recommit, and reject the report.

The remaining exceptions relate to the conduct of the principal petitioner and the chairman of the road commissioners. It appears in evidence that when the chairman carried the notices to the land-owners to the petitioner, the latter employed the chairman as a deputy sheriff to serve the notices. This does not seem to have been at all necessary. The chairman was ignorant respecting their residences, and the petitioner had to go with him to show him where they lived. On the way, passing the first *terminus*, the petitioner was desirous of showing the route of the proposed highway, although the chairman it is stated was reluctant to look at it. At a subsequent period of the day they passed through the fields on or near a part of the way, in order to serve one of the notices, and the course was pointed out, although they both say the chairman declared he did not wish to look at it. There is perhaps no very conclusive evidence that any impression was made upon the mind of the chairman by these proceedings, but it is quite evident that the petitioner was desirous that the chairman should then obtain some ideas respecting the road prayed for.

We are of opinion that road commissioners or committees are from the necessities of the case quite enough among the petitioners for highways without the addition of any unnecessary measures to exert an influence upon them, and if the Common Pleas in the exercise of their discretion had rejected the report for this reason, we

Clark *v.* Pickering.

should certainly not have dissented from their opinion. But the objection was one which addressed itself to their discretion, and having overruled it, we do not think it expedient for us to revise this exercise of their discretion, notwithstanding the exception has been sent up to us.

With this expression of our opinion upon the several points raised, we shall send the case back to that court, that they may either recommit or reject the report, according as they shall find cause upon a farther examination of it.